The CITY OF WILMINGTON, a municipal corporation of the State of Delaware, Plaintiff Below, Appellant,

v.

FRATERNAL ORDER OF POLICE, DELAWARE–WILMINGTON, LODGE NO. 1, Lawrence R. Collins, President; Randolph Decampli, Vice-President; Boyd W. Wicks, Sr., Recording Secretary; Lenox J. K. Smith, Treasurer; and Rita Draper, Financial Secretary, in their official capacity as members and/or officers, Defendants Below, Appellees.

Supreme Court of Delaware.

Submitted: Dec. 17, 1985.

Decided: June 12, 1986.

Michael P. Reynolds and Frederick H. Schranck, City Solicitor's Office, Wilmington, for appellant.

Jeffrey M. Weiner and Deanna H. Kelly, Bayard, Handelman & Murdoch, P.A., Wilmington, for appellees.

Before CHRISTIE, C.J., and McNEILLY and MOORE, JJ.

MOORE, Justice.

Appellant, the City of Wilmington ("the City"), appeals a decision by the Court of Chancery denying its motion for an injunction to stay arbitration proceedings initiated by the Fraternal Order of Police, Delaware-Wilmington, Lodge No. 1 ("the union"). The City had alleged that the union violated the collective bargaining agreement ("the agreement") between the parties by seeking to arbitrate a disciplinary case specifically excluded from arbitration by the agreement. The Court of Chancery ruled that the dispute involved a grievance of general application under the agreement, in the sense that it affected a significantly large number of employees, and was therefore arbitrable. The City appealed the decision on two grounds: first, that the Vice Chancellor employed an inappropriate standard by which to interpret the arbitration provisions of the agreement; and second, that the court below erred as a matter of law in allowing the union to arbitrate a "disciplinary case," an impermissible subject of arbitration under the agreement. We agree with the decision of the Vice Chancellor and affirm the denial of the City's motion for an injunction.

I.

Our analysis of the legal issues involved necessitates a brief review of the relevant facts.

The union is the certified bargaining representative for the uniformed employees of the Wilmington Police Department ("the Department"). The union and the City are

parties to a collective bargaining agreement which governs the terms and conditions of employment for the uniformed members of the Department. Article III of the agreement outlines the grievance and arbitration procedures for the resolution of disputes. Section 6 of the Article provides for an appeal to an arbitrator of a denial of a grievance. Section 7 reads, in relevant part: "The arbitrator will have no jurisdiction over disciplinary cases." Section 11 limits matters which may be arbitrated to "disputes or misunderstandings which may arise between the parties concerning the application or interpretation of this Agreement." Section 13 allows the union, on behalf of its members, to initiate a grievance which "involves a matter of general application impacting on a significantly large number of employees."

On September 15, 1983, a police Complaint Hearing Board found Patrolman Eric Green guilty of violating Department rules by misappropriating the personal property of a prisoner, and voted unanimously to discharge him from the Department. Green took an appeal to the Police Appeal Board, which upheld the finding of guilt but mitigated the punishment. The Appeal Board suspended Green for 39 days, placed him on probation for one year, and reduced his patrolman's grade from Step III to Step II, cutting his pay by approximately $2,000.

On September 23, the union filed a grievance, based on the Appeal Board's decision, objecting to the changing of salary steps as a disciplinary measure. Reserving comment on the particular decision affecting Green, the union submitted the grievance pursuant to Section 13 as a matter of general application affecting all patrol officers, claiming that the reduction of salary steps as a disciplinary measure was impermissible under the agreement and inconsistent with its wage provisions.

The grievance was denied initially by Captain Preston Hickman, then in charge of the Department's internal affairs division. On October 7, union president Lawrence Collins requested that the grievance be taken to the next level authorized in the agreement. Collins then met with Chief of Police Dennis Regan and the City's deputy personnel director to discuss the dispute. Regan denied the grievance on two grounds: first, that the matter was not a proper subject for a grievance; and second, that the decision of the Appeal Board violated neither the agreement nor the Rules and Regulations of the Department.

The union then filed with the American Arbitration Association a Notice of Intent to Arbitrate the use of a reduction in step of a patrolman as a disciplinary measure under the agreement. The City then sought an injunction in the Court of Chancery to halt the arbitration process.

In the decision below, the Vice Chancellor noted that arbitration is favored in the resolution of labor disputes. Following the reasoning from a previous Court of Chancery decision, the Vice Chancellor held that while individual disciplinary cases were excluded, disciplinary matters of general applicability were subject to grievance and arbitration, and that although the grievance was precipitated by Green's case, the matter in question was still one of general applicability. *City of Wilmington v. Fraternal Order of Police, Delaware-Wilmington, Lodge No. 1, et al.,* Del. Ch., C.A. No. 7349, Berger, V.C. (August 6, 1985). This appeal followed.

II.

Generally, Delaware favors the voluntary mediation of labor disputes as a matter of public policy. 19 *Del.C.* § 110; *City of Wilmington v. Wilmington Firefighters Local 1590,* Del.Supr., 385 A.2d 720, 724–25 (1978) ("*Wilmington Firefighters* "). This policy applies to disputes between public employers and the collective bargaining representatives of their employees. 19 *Del.C.* § 1310; *Wilmington Firefighters,* 380 A.2d at 724–25. This Court has also recognized that labor disputes are best settled by agreed-upon arbitration procedures, with which courts should not inter-

fere. *Wilmington Firefighters*, 380 A.2d at 724.

In a previous case involving an arbitration dispute similar to the one now before us, the Court of Chancery drew from the reasoning in *Wilmington Firefighters* to determine that issues of general applicability to all disciplinary matters were subject to grievance and arbitration proceedings. *City of Wilmington v. Wilmington Firefighters Local 1590*, Del. Ch., C.A. No. 6117, Brown, V.C. (April 10, 1980) (*"Firefighters Local 1590"*).

The collective bargaining agreements in *Firefighters Local 1590* and in this case are similar with respect to the grievance and arbitration of matters of general applicability and the exclusion therefrom of disciplinary cases. In *Firefighters Local 1590*, the union sought, through grievance and arbitration, to halt certain procedures used in disciplinary cases and to rescind penalties already meted out to individual union members. The Court of Chancery enjoined the arbitration process, concluding that the union's ultimate goal was the impermissible arbitration of the individual disciplinary cases. However, noting that under *Wilmington Firefighters* the agreement must control, the Vice Chancellor determined by its provisions that general challenges to disciplinary procedure were fair matters for a grievance, and when thus limited such challenges did not constitute an attempt to arbitrate individual disciplinary cases contrary to the clear language of the agreement. *Firefighters Local 1590*, slip op. at 3–6.[1]

As the trial court noted, one essential difference distinguishes this case from *Firefighters Local 1590:* here, the union has made no demands with respect to the punishment imposed in Green's case, and

challenges only the use of a reduction in step as a future disciplinary measure. Under the circumstances, we agree that this dispute is subject to grievance and arbitration proceedings, and does not constitute an attempt by the union to arbitrate a disciplinary case.

The exclusion of "disciplinary cases" from the arbitration process only applies to disputes over the discipline and punishment of certain individual patrolmen, and not to general issues of disciplinary procedure which potentially affect all the patrolmen represented by the union and bound by the agreement. This interpretation of the arbitration provision is consistent both with the terms of the agreement and with the State's general policy favoring arbitration—if such questions are not arbitrable, the union's only avenue of challenge to any matter of general applicability regarding disciplinary procedure would be in the courts.

The City challenges this reasoning on several grounds. First, the City contends that the dispute between the parties is a "public interest" issue to which the policy of deferral to arbitration from *Wilmington Firefighters* does not apply. *Wilmington Firefighters* established a policy of judicial deferral to agreed-upon arbitration of alleged violations of both a statute and the collective bargaining agreement in a refusal-to-bargain context. In conflicts between a public employer and public employees, the policy only applies to issues not in the public interest, similar to those found in the private sector: "In other words, nothing said herein applies to an action which affects the public interest—a strike by public employees, for example." *Wilmington Firefighters*, 380 A.2d at 725. The City argues that disciplinary procedure is a pub-

---

1. We note that in both *Firefighters Local 1590* and the decision below, the Court of Chancery cites *Pettinaro Construction Co., Inc. v. Harry C. Partridge, Jr. & Sons, Inc.*, Del. Ch., 408 A.2d 957 (1979), for the proposition that reasonable differences in interpretation of what is arbitrable should be resolved in favor of the union's right to arbitrate. As the City correctly points out, the *Pettinaro* decision is founded primarily on statutes in Delaware's version of the Uniform Arbitration Act, Chapter 57 of Title 10 of the Delaware Code. However, 10 *Del.C.* § 5725 specifically excludes from the chapter labor contracts negotiated by a collective bargaining agent. Thus, the *Pettinaro* decision does not apply in this context.

lic interest issue, and that therefore neither the deferral policy nor the general policy favoring arbitration applies.

However, we find the Department's internal discipline procedures much more akin to the "private sector" issues which merit deferral despite the limitation in *Wilmington Firefighters*, and thus apply the standard policy favoring arbitration.

Second, the City urges the adoption of a preference for the standard procedures and safeguards of litigation in the resolution of public sector labor disputes, as was espoused in *Acting Superintendent of Schools of Liverpool Central School District v. United Liverpool Faculty Association*, N.Y.Ct.App., 42 N.Y.2d 509, 369 N.E.2d 746, 399 N.Y.S.2d 189 (1977). Given the State's policy favoring arbitration, the extension of the policy to the public sector by 19 *Del.C.* § 1310 and *Wilmington Firefighters*, and the limits thereto already established in *Wilmington Firefighters*, we find no compelling reason to abandon our policy in favor of that expressed in *Liverpool*.

Third, the City contends that because Green's case precipitated the grievance and arbitration, and because the resolution thereof will affect future individual disciplinary cases, an arbitration here would impermissibly resolve "disciplinary cases." However, the agreement creates a system of dispute resolution, and we decline to alter its sufficiently clear terms by extending the "disciplinary case" limitation to matters of general applicability affecting disciplinary procedure. *See Wilmington Firefighters*, 380 A.2d at 725.

### III.

In conclusion, we find that the dispute over the use of a reduction in step of a patrolman as a disciplinary measure is an issue subject to grievance and arbitration proceedings under the collective bargaining agreement between the City and the union. The decision of the Court of Chancery is hereby AFFIRMED.